EXHIBIT E

Law Office of Adam Pennella
Adam Pennella, State Bar No. 246260
717 Washington Street
Oakland, CA 94607
Phone (510) 451-4600
Fax (510) 451-3002

Counsel for Defendant
JESSIE RUSH

UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 21-0121 JD |
| Plaintiff, | **DECLARATION OF JORDAN SCHAER IN SUPPORT OF JESSIE RUSH'S SENTENCING MEMORANDUM** |
| vs. | |
| JESSIE RUSH, | |
| Defendant | Honorable James Donato |

I, Jordan Schaer, hereby declare the following:

1. I am employed as a data analyst in the above-captioned case.

2. My relevant background is as follows:

 a. I am currently a full-time second year J.D. candidate at the George Washington University Law School in Washington, DC. Last summer, I interned for Hon. Cathy Bissoon, U.S. District Judge, Western District of Pennsylvania.

 b. Before law school from 2017 to 2020, I was an Assistant Paralegal in the Oakland branch office of the Federal Public Defender. My responsibilities there included analyzing data from the United States Sentencing Commission ("USSC"). I attended numerous training sessions with experts on both data analysis using USSC

1   datafiles, as well as federal sentencing more generally.  I was also responsible for

2   training other Federal Public Defender employees in this work.

3        c.     I hold a Bachelor of Arts degree in Computer Science and Sociology from

4   the University of California, Berkeley.  My coursework included classes on statistics and

5   the statistical programming language R.

6        d.     Since 2019, when permissible, I have also performed this same type of

7   sentencing data analysis to attorneys outside of the Office of the Federal Public Defender

8   for the Northern District of California.

9       3.     I have compiled reports from USSC data for dozens of cases in the Northern

10  District of California.  My analyses have been either cited or submitted directly via ECF in

11  approximately 20 cases.  In addition, I have consulted with defense attorneys for sentencing

12  litigation in approximately 50 additional cases.  Further, I have reviewed the following materials

13  from USSC:

14       a.     "Variable Codebook for Individual Offenders 1997 - 2019" available at:

15  https://www.ussc.gov/sites/default/files/pdf/research-and-

16  publications/datafiles/USSC_Public_Release_Codebook_FY99_FY19.pdf

17       b.     "Effective Use of Federal Sentencing Data" available at:

18  https://www.ussc.gov/sites/default/files/pdf/research-and-

19  publications/datafiles/20131122-ACS-Presentation.pdf

20      4.     Mr. Rush's attorney Adam Pennella requested information on sentencing

21  outcomes for defendants situated similarly to Mr. Rush. To answer counsel's query, I utilized a

22  composite datafile I keep of USSC Datafiles on Individual Offenders for fiscal years 2010 to

23  2019.

24

SCHAER DECLARATION

a.      These files are available on USSC's website:

https://www.ussc.gov/research/datafiles/commission-datafiles.

b.      Each datafile was downloaded by either myself or a former colleague at the Federal Public Defender and expert in data analysis.  I confirmed each fiscal year was successfully processed by checking the composite file against the original USSC datafiles.

c.      Each profile discussed below includes nationwide information and filters for information on the Ninth Circuit (found by setting variable MONCIRC to 9), the State of California (found by setting variable DISTRICT to 71, 72, 73, or 74) and the Northern District of California (found by setting variable DISTRICT to 71).

d.      Each profile discussed below also excluded any case where USSC indicated the case had incomplete documentation.  This was done to increase the overall reliability of my findings.

5.      I then conferred with above-captioned counsel to determine an appropriate profile of similarly situated defendants and established an analytical profile for this case.  On information and belief, Mr. Rush's offense level is reduced by two points under 5K2.0(a)(2)(B) (policy statement – unidentified circumstances). In the sentencing data, this Guideline section is not as well-recorded as other sections that Courts apply more frequently.[1]  I could not identify

---

[1] Because 5K2.0(a)(2)(B) allows Courts to modify defendants' offense levels for unidentified circumstances, I would be concerned that filtering for this variable could include cases that were too dissimilar to Mr. Rush's.  In addition, while most offense level modifications have their own variables (such as for example, the ADJ_XHI variable series for special offense characteristics, ACCTRESP for acceptance of responsibility, or ABUSHI for abuse of trust) 5K2.0(a)(2)(B) is recorded in the REASON*X* variable series as code 703 for "[g]eneral aggravating or mitigating circumstance."  Based on my training and experience analyzing USSC datafiles, the REASON*X* variable series is less reliable than other variables, such as the variables listed above and used in the profiles here.

any cases under 2J1.2 where this reduction was applied.  As a result, I only analyzed cases where the final offense level was 13 instead of 11, even though Mr. Rush's actual final offense level is 11.

      6.     I established the following profiles:

      a.     Profile 1: Core Profile.

         i.   Controlling Guideline 2J1.2.

        ii.   Base Offense Level 14.

      iii.   Final Offense Level 13.

      iv.   Criminal History Category I.

      b.     Profile 2: Offense Level Calculations.

         i.   Profile 1 is incorporated into Profile 2 (Controlling Guideline 2J1.2, Base Offense Level 14, Final Offense Level 13, Criminal History Category I).

        ii.   Special Offense Characteristic 2J1.2(b)(3)(B) +2 for destroying essential or probative records.

      iii.   Acceptance of Responsibility -3.

      c.     Profile 3: Sentenced to Time Served.

         i.   Profile 1 is incorporated into Profile 3 (Controlling Guideline 2J1.2, Base Offense Level 14, Final Offense Level 13, Criminal History Category I).

        ii.   I established Profile 3 by filtering for cases where the final sentence exactly matched the amount of time the Court credited the defendant at sentencing for having already served.

7.     I created Exhibit E in support of Mr. Rush's sentencing memorandum. This exhibit contains the results of my analysis for the profiles detailed above. This exhibit also lists the USSC data variables I used to complete my analysis.

8.     I found this information with the statistical programming language R.  Each profile includes histogram charts for the nationwide and Ninth Circuit data, generated using the statistical programming language R and supplemental analytical software packages.

I declare under the penalty of perjury that the foregoing is true and correct, except those matters based on information and belief and, as to those matters, I believe them to be true.

Executed on this 28th day of December, 2021, in Washington, the District of Columbia.

_____/s/_____
JORDAN SCHAER

## Table of Contents

A.   Chart Key ...................................................................................................................1

B.   Profile 1: Core Analysis.............................................................................................2

C.   Profile 2: Offense Level Calculations........................................................................6

D.   Profile 3: Sentenced to Time Served .......................................................................10

## A.   Chart Key

Columns[1]

| | |
|---|---|
| %Prbn. | Percentage of cases sentenced to probation. |
| %[x]yr/mo. | Percentage of cases sentenced to **[x]** years or months, or less. |
| Min. | Minimum value i.e. sentence or fine. There are no values less than this. |
| 1st Qu. | 1st Quarter, 25th percentile. 25% of items are below this value, and 75% of items are above. |
| Med. | Median, 50th percentile. Half of the items are below this value, and half are above. |
| 3rd Qu. | 3rd Quarter, 75th percentile. 75% of items are below this value, and 25% of items are |
| Max. | Maximum value i.e. sentence or fine. There are no values higher than this. |
| N. | Number of items. |

[1] Statistics on sentence in months, and evaluations of number of cases are from variables SENTTOT0 and SENTCAP. USSC switched from using SENTTOT0 to SENTCAP in 2018. The difference between the two is that previously sentences had no maximum. SENTCAP is capped at 470 months. To accommodate, I made a custom variable using SENTTOT0 from previous datafiles, but capped at 470 months.
Statistics on home confinement calculated with variable MOHOMDET. Statistics on home confinement with other alternatives under USSG §5C1.1 calculated with variable ALTMO.

**SOURCE:**          USSC FY 2010 – 2019

**B.     Profile 1: Core Analysis**

| Cases with: | Variables used: |
|---|---|
| • Controlling Guideline 2J1.2 | $\Rightarrow$ GDLINEHI = 2J1.2 |
| • Base Offense Level 14 | $\Rightarrow$ BASEHI = 14 |
| • Final Offense Level 13 [2] | $\Rightarrow$ XFOLSOR = 13 |
| • Criminal History I | $\Rightarrow$ XCHRSSR = 1 |
| • Cases with incomplete documentation excluded | $\Rightarrow$ SOURCES = 1 |
| • Datafiles from 2010 to 2019 | |

<u>Months in Prison</u>

| | %Prbn. | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 42.74% | 55.36% | 64.29% | 76.79% | 86.61% | 0.00 | 0.00 | 4.00 | 5.73 | 12.00 | 29.53 | 124 |
| Ninth Circuit | 35.00% | 47.37% | 63.16% | 84.21% | 89.47% | 0.00 | 0.00 | 6.00 | 5.40 | 8.00 | 18.00 | 20 |
| California | 23.08% | 46.15% | 53.85% | 76.92% | 84.62% | 0.00 | 0.00 | 6.00 | 6.39 | 12.00 | 18.00 | 13 |
| Nor. Cal. | 0.00% | 60.00% | 60.00% | 100.00% | 100.00% | 0.00 | 2.00 | 4.00 | 4.40 | 8.00 | 8.00 | 5 |

---

[2] As discussed, Mr. Rush's actual final offense level is 11. This adjustment was made because the offense level reduction under 5K2.0(a)(2)(B) is not commonly used.

**SOURCE:**          USSC FY 2010 – 2019

<u>Home Detention</u>

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 35.71% | 78.57% | 100.00% | 100.00% | 2.00 | 5.00 | 6.00 | 5.83 | 6.00 | 12.00 | 42 | 33.87% |
| Ninth Circuit | 0.00% | 60.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.80 | 8.00 | 8.00 | 5 | 25.00% |
| California | 0.00% | 50.00% | 100.00% | 100.00% | 6.00 | 6.00 | 7.00 | 7.00 | 8.00 | 8.00 | 4 | 30.77% |
| Nor. Cal. | 0.00% | 100.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 1 | 20.00% |

<u>5C1.1 Home Detention, Community Confinement, or Intermittent Confinement</u>

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 41.30% | 80.43% | 100.00% | 100.00% | 1.00 | 4.25 | 6.00 | 5.80 | 6.00 | 12.00 | 46 | 37.10% |
| Ninth Circuit | 0.00% | 60.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.80 | 8.00 | 8.00 | 5 | 25.00% |
| California | 0.00% | 50.00% | 100.00% | 100.00% | 6.00 | 6.00 | 7.00 | 7.00 | 8.00 | 8.00 | 4 | 30.77% |
| Nor. Cal. | 0.00% | 100.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 1 | 20.00% |

**SOURCE:**        USSC FY 2010 – 2019





**SOURCE:**          USSC FY 2010 – 2019





**SOURCE:**          USSC FY 2010 – 2019

### C.    Profile 2: Offense Level Calculations

| Cases with: | Variables used: |
|---|---|
| • Controlling Guideline 2J1.2 | ⇒ GDLINEHI = 2J1.2 |
| • Base Offense Level 14 | ⇒ BASEHI = 14 |
| • Special Offense Characteristic 2J1.2(b)(3)(B) +2 for destroying essential or probative records | ⇒ ADJ_DHI = 2 |
| • Acceptance of Responsibility -3 | ⇒ ACCTRESP = -3 |
| • Final Offense Level 13 | ⇒ XFOLSOR = 13 |
| • Criminal History I | ⇒ XCHRSSR = 1 |
| • Cases with incomplete documentation excluded | ⇒ SOURCES = 1 |
| • Datafiles from 2010 to 2019 | |

Months in Prison

| | %Prbn. | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 50.77% | 64.81% | 75.93% | 88.89% | 96.30% | 0.00 | 0.00 | 0.20 | 3.98 | 6.00 | 24.00 | 65 |
| Ninth Circuit | 27.27% | 50.00% | 60.00% | 90.00% | 90.00% | 0.00 | 0.50 | 5.00 | 5.35 | 7.88 | 18.00 | 11 |
| California | 25.00% | 62.50% | 62.50% | 87.50% | 87.50% | 0.00 | 0.00 | 3.00 | 5.00 | 8.00 | 18.00 | 8 |
| Nor. Cal. | 0.00% | 60.00% | 60.00% | 100.00% | 100.00% | 0.00 | 2.00 | 4.00 | 4.40 | 8.00 | 8.00 | 5 |

**SOURCE:**         USSC FY 2010 – 2019

Home Detention

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 38.46% | 76.92% | 100.00% | 100.00% | 2.00 | 4.00 | 6.00 | 5.69 | 6.00 | 12.00 | 26 | 40.00% |
| Ninth Circuit | 0.00% | 33.33% | 100.00% | 100.00% | 6.00 | 7.00 | 8.00 | 7.33 | 8.00 | 8.00 | 3 | 27.27% |
| California | 0.00% | 33.33% | 100.00% | 100.00% | 6.00 | 7.00 | 8.00 | 7.33 | 8.00 | 8.00 | 3 | 37.50% |
| Nor. Cal. | 0.00% | 100.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 1 | 20.00% |

5C1.1 Home Detention, Community Confinement, or Intermittent Confinement

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 42.86% | 78.57% | 100.00% | 100.00% | 2.00 | 4.00 | 6.00 | 6.00 | 8.00 | 12.00 | 28 | 43.08% |
| Ninth Circuit | 0.00% | 33.33% | 100.00% | 100.00% | 6.00 | 7.00 | 8.00 | 7.33 | 8.00 | 8.00 | 3 | 27.27% |
| California | 0.00% | 33.33% | 100.00% | 100.00% | 6.00 | 7.00 | 8.00 | 7.33 | 8.00 | 8.00 | 3 | 37.50% |
| Nor. Cal. | 0.00% | 100.00% | 100.00% | 100.00% | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 6.00 | 1 | 20.00% |

**SOURCE:**            USSC FY 2010 – 2019





**SOURCE:**          USSC FY 2010 – 2019





**SOURCE:** USSC FY 2010 – 2019

**D.     Profile 3: Sentenced to Time Served**

| Cases with: | Variables used: |
|---|---|
| • Controlling Guideline 2J1.2 | ⇒ GDLINEHI = 2J1.2 |
| • Base Offense Level 14 | ⇒ BASEHI = 14 |
| • Final Offense Level 13 | ⇒ XFOLSOR = 13 |
| • Criminal History I | ⇒ XCHRSSR = 1 |
| • Sentenced to time served | ⇒ TIMSERVC = SENTTOT0_CAP |
| • Cases with incomplete documentation excluded | ⇒ SOURCES = 1 |
| • Datafiles from 2010 to 2019 | |

Months in Prison

| | %Prbn. | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 83.72% | 90.70% | 90.70% | 97.67% | 97.67% | 0.00 | 0.00 | 0.00 | 1.38 | 0.00 | 29.53 | 43 |
| Ninth Circuit | 83.33% | 83.33% | 83.33% | 100.00% | 100.00% | 0.00 | 0.00 | 0.00 | 1.25 | 0.00 | 7.52 | 6 |
| California | 100.00% | 100.00% | 100.00% | 100.00% | 100.00% | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2 |
| Nor. Cal. | - | - | - | - | - | - | - | - | - | - | - | 0 |

**SOURCE:**          USSC FY 2010 – 2019

## Home Detention

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 21.43% | 71.43% | 100.00% | 100.00% | 2.00 | 6.00 | 6.00 | 5.86 | 7.50 | 8.00 | 14 | 32.56% |
| Ninth Circuit | 0.00% | 0.00% | 100.00% | 100.00% | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 2 | 33.33% |
| California | 0.00% | 0.00% | 100.00% | 100.00% | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 2 | 100.00% |
| Nor. Cal. | - | - | - | - | - | - | - | - | - | - | 0 | - |

## 5C1.1 Home Detention, Community Confinement, or Intermittent Confinement

| | %5 mo. | % 6 mo. | % 12 mo. | % Year and day | Min. | 1st Qu. | Med. | Mean | 3rd Qu. | Max. | N. | % of Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Nationwide | 38.89% | 77.78% | 100.00% | 100.00% | 1.00 | 3.75 | 6.00 | 5.78 | 8.00 | 12.00 | 18 | 41.86% |
| Ninth Circuit | 0.00% | 0.00% | 100.00% | 100.00% | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 2 | 33.33% |
| California | 0.00% | 0.00% | 100.00% | 100.00% | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 2 | 100.00% |
| Nor. Cal. | - | - | - | - | - | - | - | - | - | - | 0 | - |

**SOURCE:**        USSC FY 2010 – 2019





**SOURCE:**          USSC FY 2010 – 2019



Jessie Rush - Profile 3
Sentenced to Time Served
Nationwide

**SOURCE:**        USSC FY 2010 – 2019